## STATE OF MINNESOTA

*vs.*

## JOHN SMITH.

Under the provisions of *sec.* 32, *chap.* 106, *Gen. Stat.*, a defendant may challenge for cause. every juror who appears, and in a case where the offense charged is not punishable with death, or imprisonment for life, he may challenge peremptorily any five, (at his own option,) of the jurors who appear.

The defendant was tried in the district court for Blue Earth county upon an indictment for an assault with intent to commit a rape. Twelve jurors having been drawn and having taken their seats, the court ruled " that the defendant, if he had any challenges to interpose, should first begin, and exhaust all of his challenges to each and all of the persons drawn as jurymen, before the state should begin its challenges, except challenges for cause to a juryman called after the state should begin its challenges;" to which ruling the defendant excepted. The defendant then challenged for cause each and all the jurors who had been drawn, the challenges being sustained as to but one of them, in whose place another person was drawn and called as a juror. The defendant then challenged peremptorily two of the jurors, and two others were called in their place, and the defendant, having challenged those only for cause, rested as to the jurors called. The state then, by order of the court, began its challenges, and challenged peremptorily one juror, in whose place one Hugh H. Edwards was drawn, and called and took his seat as a juror, and the state rested. Thereupon the defendant, having exhausted but two of his peremptory challenges, and having waived none, offered to challenge Edwards peremptorily ; but

the court ruled against his offer and refused his challenge. The jury was then sworn, Edwards sat as a juror in the trial of the case, which resulted in the conviction of the defendant.

Upon a bill of exceptions, setting forth these facts, the defendant moved for a new trial, and appeals from the order denying his motion.

M. J. SEVERANCE, for Appellant.

GEO. P. WILSON, Attorney General, for the State.

*By the Court.*—BERRY, J.—*Sec.* 32, *chap.* 106, *Gen. Stat.* provides, that " all challenges to an individual juror shall be taken first by the defendant, and then by the state, and each party shall exhaust all his challenges before the other begins." The words " all challenges, &c.," evidently embrace both kinds of challenges to an individual juror, allowed by law, so that, as far as this section is concerned, challenges, peremptory and for cause, are placed upon the same footing.

The language of the section is, " all challenges to an individual juror," that is to say, to *one* individual juror, shall be taken, &c. The meaning of the section then is, that in case of challenge to an individual juror, *i. e.,* to *one* individual juror, the defendant shall challenge first, and shall exhaust all his challenges, *i. e.,* all which he desires to take to such *one* individual juror, before the state shall begin to challenge ; the effect being, that when the state begins to challenge under this provision, the defendant's right of challenge to that particular juror, whether he has seen fit to exercise it in whole, or in part, or not at all, is gone, so far as the section under consideration is involved. After the defendant has exhausted his challenge to a particular juror, it is for the state to challenge the same juror, if there is any occasion to do so. After the juror first challenged is disposed of, it is for the defendant

to challenge another, if he desire to do so, the challenging to be conducted as before, and so on, until the jury is completed. From this construction of the statute it follows, that defendant may challenge, for cause, every juror who appears, and that, in a case like this at bar, (where the offense charged is not punishable with death or imprisonment for life,) he may challenge peremptorily any five of such jurors, at his own option. The rulings of the court below, being inconsistent with the views above expressed, were erroneous, and a new trial is awarded, the order denying the same below being reversed.